UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK CHRISTIAN, | ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:22-cv-01805 (UNA) ) |
| REPUBLIC PARTY, *et al*., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, filed this matter on June 24, 2022. On August 3, 2022, the court reviewed the case, and found that plaintiff failed to comply with D.C. LCvR 5.1(c)(1). *See* Order, ECF No. 3. More specifically, the court acknowledged that plaintiff was displaced in Washington, D.C., with no address or telephone number, but found that, in order to proceed with this civil case, he must nonetheless provide a full residence address where he may receive mail. *See id*. at 1, citing D.C. LCvR 5.1(c)(1). Plaintiff was ordered to provide a mailing address, and phone number if available, within 30 days, or suffer dismissal. *See id*.

On August 9, 2022, plaintiff responded to the court's order, *see* Notice, ECF No. 4, failing to provide a mailing address or phone number, and broadly accusing unknown "conspirators" of intercepting and tampering with his mail. He also stated that he once possessed a "general mail" address from his local post office, but that he found that method of receipt of mail to be untrustworthy and unreliable, and he indicated that he did not want to regularly travel to the post office. *See id.* at 1. Upon review, on October 7, 2022, the court entered an order, ECF No. 5, noting that a "general delivery" address does not entirely comport with the requirements of D.C. LCvR 5.1(c)(1), but that it would make an exception because plaintiff is currently displaced. The

court acknowledged that plaintiff was hesitant to use a general delivery address but found that it was a reasonable compromise given the circumstances. *See id.* at 1–2. Plaintiff was directed to provide a general delivery address within 30 days or suffer dismissal. *See id*. at 2.

Plaintiff has now responded to the court's pending order by filing a submission entitled "civil rights amendment," ECF No. 6. This "amendment" fails to provide a general delivery address, and instead reiterates plaintiff's previous difficulties with receipt of mail at his local post office, and then goes on to discuss the unfairness of an address requirement for an unhoused litigant. Upon review, this court notes that plaintiff has once again failed to fully comply with a court order and has again failed to present contact information sufficient to satisfy the requirements of D.C. LCvR 5.1(c)(1). Nonetheless, the court is understanding of plaintiff's current circumstances, and it will accept the proffers made in his "amendment" regarding his financial and logistical circumstances, and it will proceed to review the complaint.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff has filed a 44-page complaint that is difficult to follow. He sues the Republican and Democratic Parties and goes on to list numerous entities and state and federal officials who have allegedly [sic] "refused to honor previous or present Oaths, or the Law and their State's and U.S. Constitution's[,]" and failed "to address the Grievances[,] the violations, crimes, injuries, and misconduct revealed[,]" by this lawsuit. He alleges that defendants, together with

these additional entities and officials, are co-conspirators "doing or saying something crazy, telling someone else to do or say something crazy, exercising their animosity, envy, jealousy, evilness, wickedness, malice, psychosis, neurosis, anxiety, delusions or just lying[,]" and that they are working in concert with "Librarians at the Public Library, Managers, Homeless Shelter Staff, City Bus Drivers, Scientists, and others[.]" Plaintiff believes that this wide-scale conspiracy has been orchestrated to cause "an Obstruction of Justice and Interference with Judicial and Investigative Processes, job searching efforts and other interests[.]" He further contends that defendants and others have committed numerous "premediated crimes" against him, resulting in his subjection to, for example, poisoning "by Radiology multiple times[,]" dismissal of his court cases as frivolous, improper criminal convictions, identity theft, "systematic homosexuality," and "conspiracy to murder."  He demands $7.7 billion in damages.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' "), quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.

The instant complaint satisfies this standard. In addition to failing to state a claim for relief, the complaint is deemed frivolous on its face. Consequently, the complaint and this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: December 16, 2022

AMY BERMAN JACKSON
United States District Judge